IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESTER M. PHARR :
:
v. : Criminal No. DKC 13-0279
:
UNITED STATES OF AMERICA :
:

**MEMORANDUM OPINION AND ORDER**

On or about May 25, 2013, Appellant Lester Pharr, a prisoner confined at Chesapeake Detention Facility in Baltimore, submitted for filing a document referencing criminal case number 12-0980 and asserting, in relevant part:

> This is my notice of intent to appeal a sentence of incarceration. I was sentenced to 5 months of incarceration on February 20, 2013[,] [a]fter pleading guilty to a charge of Driving While Intoxicated. I was represented by Attorney Denise J. Banjavic of Bethesda, Md. . . . I feel the legal representation provided by Ms. Banjavic to be inadequate.

(ECF No. 1, at 1).[1] Appellant attached to this notice a criminal judgment entered by United States Magistrate Judge Thomas M. DiGirolamo on February 26, 2013, convicting him of driving under the influence of alcohol, in violation of 36 C.F.R. 4.23(a)(1), and sentencing him to a term of imprisonment of five months.

---

[1] This document, dated May 25, was received by the clerk's office on May 30. Because Appellant is incarcerated, the court applies the mailbox rule and deems it filed as of May 25.

(ECF No. 1-12).[2] Appellant subsequently filed a motion for reconsideration of his sentence (ECF No. 1-13), which was summarily denied on May 3 (ECF No. 1-14).

Pursuant to Fed.R.Crim.P. 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." *See also* 18 U.S.C. § 3742(h) ("An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this action shall apply . . . as though the appeal were to a court of appeals from a sentence imposed be a district court."). This time period is "mandatory and jurisdictional." *United States v. Zuniga*, 105 F.3d 650, 1997 WL 1882, at *1 (4th Cir. Jan. 3, 1997) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

Although Appellant has not provided a transcript of his sentencing hearing, the court has independently reviewed an electronic recording of that proceeding and confirmed that Judge DiGirolamo specifically advised Appellant of his right to appeal his sentence by filing a written notice with the clerk within fourteen days. Appellant, moreover, acknowledged that he understood that right. Because the judgment of conviction was

---

[2] The judgment reflects that it was imposed on February 20, signed by Judge DiGirolamo on February 22, and docketed on February 26. Pursuant to Fed.R.App.P. 36(a), "[a] judgment is entered when it is noted on the docket."

entered on February 26, 2013, he was required to file a notice of appeal by no later than March 13. The instant notice of appeal, filed May 25, was, therefore, untimely and the court is without jurisdiction to consider its merits.[3]

In any event, Appellant alleges solely that his trial counsel rendered constitutionally ineffective assistance. Such claims are generally not cognizable on direct appeal, *see United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) (conclusive evidence of ineffective assistance must appear on the record), and must be raised, if at all, in the context of a motion to vacate pursuant to 28 U.S.C. § 2255.

Accordingly, it is this 6th day of June, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Appellant's notice of appeal (ECF No. 1) BE, and the same hereby IS, DISMISSED;

2. The clerk is directed to transmit to Appellant a § 2255 forms and information packet to assist him in the event that he wishes to file a motion to vacate; and

---

[3] Even if the time for appeal were counted from the date Judge DiGirolamo denied Appellant's motion for reconsideration of sentence, May 3, the notice would still be untimely.

3. The clerk is further directed to transmit copies of this Memorandum Opinion and Order directly to Appellant and to counsel for the government and CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge